FILED

2015 Nov-18  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE GAYTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:15-CV-1339-VEH** |
| | ) | |
| **ATLAS COPCO NORTH** | ) | |
| **AMERICA, LLC; ATLAS COPCO** | ) | |
| **TOOLS & ASSEMBLY SYSTEMS,** | ) | |
| **LLC; ATLAS COCPCO USA** | ) | |
| **HOLDINGS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Plaintiff Stephanie Gayton ("Ms. Gayton") initiated this personal injury lawsuit (Doc. 1) on August 7, 2015, and filed an amended complaint (Doc. 7) on August 24, 2015. Ms. Gayton seeks to hold Defendants liable for injuries she received from using a power tool at work. Pending before the court is Defendants' Motion for More Definite Statement (Doc. 11) (the "Motion") filed on October 26, 2015. The deadline for Ms. Gayton to respond to the Motion ran on November 9, 2015 (Doc. 3 at 23), but Ms. Gayton neither has filed any opposition nor sought additional time in which to do so. For the reasons explained below, the Motion is **GRANTED**.

## II.      Standards

### A.      Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides:

**(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

As the former Fifth Circuit has explained the standard on motions for a more

definite statement:

The motion for more definite statement, on the other hand, involves, within the applicable standards of that rule, the exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge as he presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial discovery, trial, submission and decision.

Under 12(e) the Court must determine whether the complaint is such that 'a party cannot reasonably be required to frame a responsive pleading.' But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. 'It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action. * * *.' *Glus v. Brooklyn Eastern District Terminal*, 1959, 359 U.S. 231, 79 S. Ct.

2

760, 763, 3 L. Ed. 2d 770, 774.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).[1]

**B.     Rule 12(b)(6)**

While Defendants do not expressly reference Rule 12(b)(6) in their Motion,

they do complain about Ms. Gayton's "conclusory" and "vague" allegations that lack

any "factual basis." (Doc. 11 at 2 ¶¶ 2, 3). A Rule 12(b)(6) motion attacks the legal

sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the

following defenses by motion:  (6) failure to state a claim upon which relief can be

granted[.]"). The Federal Rules of Civil Procedure require only that the complaint

provide "'a short and plain statement of the claim' that will give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley

v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted)

(quoting Fed. R. Civ. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ.

P. 8(a) (setting forth general pleading requirements for a complaint including

providing "a short and plain statement of the claim showing that the pleader is

entitled to relief").

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

### C.    Ms. Gayton's Failure To Oppose

Ms. Gayton's failure to file any opposition does not automatically mean that the Motion is due to be granted.  As explained by Judge Steele in *Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903, at *1 (S.D. Ala. Jan. 16, 2013):

> As noted, Churchill and Howard elected not to be heard in response to BB & T's Amended Motion to Dismiss.  Notwithstanding that omission, BB & T (as Rule 12(b)(6) movant) bears the initial burden of demonstrating that it is entitled to dismissal of the counterclaims.  Churchill's and Howard's lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory.  *See Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss").  Rather, it remains BB & T's burden as movant to establish its entitlement to relief under Rule 12(b)(6).  In light of these circumstances, the Court scrutinizes BB & T's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond.  If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." *Id.*

*Branch Banking*, 2013 WL 172903, at *1 (footnotes omitted).

## III.   Analysis

The court has studied the allegations of Ms. Gayton's amended complaint and agrees with Defendants that she should be required to provide a more definite statement of her claims. In particular, the court points out that Ms. Gayton impermissibly has lumped <u>all</u> of her claims (*i.e.*, negligent design, failure to warn, breach of an express/implied warranty) against <u>all</u> defendants into one solitary count (Doc. 7 at 5) instead of dividing her complaint into separately numbered counts asserted against each specific defendant.

The Eleventh Circuit frowns upon such shotgun shenanigans. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.");[2] *id.* at 980 ("The steps counsel took in litigating their respective clients'

---

[2]   *Davis* footnote 54 gives numerous examples of Eleventh Circuit anti-shotgun references and states in full:

> *See, e.g., United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n.22 (11th Cir. 2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn.9-10 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998);

interests–the pleading strategies they employed–were not taken out of ignorance; they were deliberate, calculated.").

Indeed, the Eleventh Circuit has instructed district courts to require the plaintiff to replead even if the defendant does not request such relief. *See Davis*, 516 F.3d 984 ("In light of defense counsel's failure to request a repleader, 'the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996))).

 The amended complaint also is completely lacking in the type of factual detail that is needed to satisfy *Twombly*'s plausibility standard. Under Rule 8, Ms. Gayton cannot simply state in a factually undeveloped fashion that Defendants are liable to her. Instead, in repleading, Ms. Gayton must separately state the facts that support the *prima facie* elements of each claim she is able to plausibly assert against each

---

*GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ibrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 *passim* (11th Cir. 1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir. 1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543-44 n.14 (11th Cir. 1986) (Tjoflat, J., dissenting). This list is just a teaser—since 1985 we have explicitly condemned shotgun pleadings upward of fifty times.

*Davis*, 516 F.3d at 979 n.54.

defendant. Ms. Gayton also must not confusingly place her prayer for relief at the end of her complaint (Doc. 7 at 6-7 ¶ 20) without a specific reference to the claims upon which the requested remedies are plausibly based.

## IV.   Conclusion

Accordingly, the Motion is **GRANTED**, and Ms. Gayton is **HEREBY ORDERED** to adequately and plausibly replead her allegations and claims in a manner that conforms with this order, no later than Monday, December 14, 2015.

**DONE** and **ORDERED** this 18th day of November, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge